UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEKSANDAR ZUNZUROVSKI,<br><br>        Plaintiff,<br><br>-against-<br><br>DESMOND C. FINGER, NICK VALENTINE, MARIA KATZ, JOHN LOUKAS, JIMMY KIM, MICHAEL MUELLER, AND MIKE DOBRONSKI,<br><br>        Defendants. | 24-cv-5958 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Zunzurovski sued defendants Finger, Valentine, Katz, Loukas, Kim, Mueller, and Dobronski on June 12, 2023 for unjust enrichment. He claimed that an arbitrator's award unfairly held him solely responsible for the abuse of female employees at the Sapphire Club, when defendants also were involved. *See* Dkt. 26 at 7. The Court dismissed this complaint with prejudice on February 28, 2024, holding that Zunzurovski was "found liable for breaching his own fiduciary duty to" his employer and that the arbitral award was not imposed "at [d]efendants' behest or for [d]efendants' benefit." *Zunzurovski v. Finger*, 2024 WL 836481, at *4 (S.D.N.Y. Feb. 28, 2024). Zunzurovski filed no appeal from the Court's dismissal of his case.

  Just three months later, Zunzurovski sued the same defendants about the same arbitral award based on the same underlying dispute—but this time in state court. The only difference in the two almost identical complaints is that instead of an unjust enrichment theory, plaintiff now pursues a contribution claim based on joint and several liability. Dkt. 1-1 ¶¶ 53–63. Defendants promptly removed the new case, and so now Zunzurovski is back before the Court. Same parties, same dispute, slightly different legal theory. Defendants move to dismiss, arguing that the new lawsuit is barred under the doctrine of claim preclusion, also known as *res judicata*. They are right.

  "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). Among the "materials appropriate for judicial notice" are the Court's "own records." *Id.* at 498–99 (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). To prove claim preclusion, defendants must show "1) the previous action involved an adjudication on the merits, 2) the previous action involved the plaintiffs or those in privity with them, and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."

*Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Each of these requirements is easily met here.

First, the Court's dismissal of Zunzurovski's 2023 complaint for failure to state a claim was an "adjudication on the merits." *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects."); *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir. 1976) (holding that "judgments under Rule 12(b)(6) are on the merits, with *res judicata* effects"). Second, Zunzurovski was the plaintiff in both cases, so the "previous action involved the plaintiff[]." *Monahan*, 214 F.3d at 285. And finally, Zunzurovski had every opportunity to raise the contribution claim during his previous go-around. He argues that *res judicata* does not apply because his new complaint includes "a distinct set of facts and legal theories than those presented in the previous case," Dkt. 30 at 10, but he "cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 796 F. App'x 1, 6 (2d Cir. 2019) (quoting *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017)). Nor does Zunzurovski's new complaint plead any "distinct" facts. The section of the complaint entitled "Nature of Action and Factual Allegations" is copied almost word for word from the dismissed complaint. Dkt. 1-1 ¶¶ 39–52. The only difference is that "Unjust Enrichment" has been replaced with "Contribution and Indemnification." There's nothing new in this complaint except for a legal theory that Zunzurovski could have, but did not, raise last time. He cannot come back for another try now.

Defendants want the Court to enjoin plaintiff from suing again. Dkt. 29 at 9; Dkt. 26 at 14 n.4. Having considered the five factors in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) and the Second Circuit's instruction that such an injunction requires "extraordinary circumstances," *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Richardson Greenshields Sec., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987)), the Court declines to issue an anti-suit injunction. But Zunzurovski and his counsel are cautioned that litigants are expected to have an "objective good faith expectation of prevailing" when they sue. *Safir*, 792 F.2d at 24.

Finally, Zunzurovski seeks leave to amend. Dkt. 30 at 16–18. If allowed to do so, he says, he will "place detailed facts on the record" and "ensure that every cause of action that can be brought is raised." *Id.* at 17. Just like last time, Zunzurovski had the opportunity to amend without leave from the Court in the 21 days after the motions to dismiss were served. *See* Fed. R. Civ. P. 15(a)(1)(B). And just like last time, he didn't. Furthermore, the Court's Individual Practices require that if a non-moving party wants to amend after a motion to dismiss is filed, it must "within 10 days of receipt of the motion[] notify the Court and its adversary" about its intention to amend. Zunzurovski didn't do this either. The Individual Practices state that "declining to amend" through these procedures "may constitute a waiver of [the] right to later use the amendment process," and Zunzurovski's choice not to engage in this process is one reason to deny leave to amend now.

Zunzurovski also gives the Court no reason to think that amendment would be anything but futile. He does not say what new facts could be added to an amended complaint, nor does he mention any new causes of action he wants to raise. Under such circumstances, when the Court finds that "amendment would be futile," "denial [of leave to amend] is proper." *D. Penguin Bros. v. City Nat'l Bank*, 587 F. App'x 663, 669 (2d Cir. 2014).

For these reasons, the complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motions at Dkts. 25 and 28 and close the case.

SO ORDERED.

Dated: November 8, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge